IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| ANTHONY J. GARDNER, | ) |
| Movant, | ) |
| vs. | ) Case No.  7:06-cv-729-IPJ-TMP |
| RALPH HOOKS, Warden; ATTORNEY GENERAL OF THE STATE OF ALABAMA, | ) |
| Respondents. | ) |

## **MEMORANDUM OPINION**

The magistrate judge filed his report and recommendation in this case on March 3, 2008, recommending that this petition for writ of habeas corpus be dismissed as time barred pursuant to 28 U.S.C. § 2244(d).  Petitioner filed his objections to the report and recommendation on March 25, 2008.[1]  Having now carefully reviewed and considered *de novo* all materials in the court file, including the report and recommendation and the objections to it, the court finds that the report is due to be and hereby is ADOPTED and the recommendation is ACCEPTED.

The objections by the petitioner do not challenge the magistrate judge's basic conclusion that the petition for writ of habeas corpus was not filed within one-year of untolled time after his conviction became final.  The magistrate judge correctly determined that petitioner's conviction became final no later than August 31, 1999, when the Court of Criminal Appeals issued a certificate of judgment following petitioner's failure to seek *certiorari* review in the Alabama Supreme Court.

---

[1] The Clerk received the objections on March 31, 2008, but they appear to have been delivered to prison officials for mailing on March 25, 2008.  Under the "prisoner mailbox rule" it is that date on which the objections are deemed filed.

On the same day the magistrate judge filed his report and recommendation concluding that petitioner could not claim the benefit of the 90-day period for seeking *certiorari* in the United States Supreme Court, the Eleventh Circuit released its opinion in <u>Alexander v Secretary of the Department of Corrections</u>, ___ F.3d ___, 2008 WL 553194 (11th Cir. 2008), hinting in *dicta* that this is correct. In that case, the court observed that the 90-day period exists for the purpose of allowing a defendant to seek *certiorari* in the Supreme Court before the conviction becomes final, but that if the defendant does not first seek review in the state "court of last resort," he may not seek review in the Supreme Court. The court said:

> The parties apparently gave Alexander the benefit of the 90-day period for seeking certiorari in the U.S. Supreme Court. <u>See</u> Sup.Ct. R. 13.1. However, we note that Alexander did not file a notice to invoke the discretionary jurisdiction of the Florida Supreme Court and may have been entitled to only 30 days additional time to file with the Florida Supreme Court. Fla. R.App. P. 9.120(b).

<u>Id.</u> at ___ note 1. Plainly, the court of appeals recognized, as did the magistrate judge, that defendants on direct appeal must first exhaust their state judicial remedies, including seeking discretionary review in the state's "court of last resort." Supreme Court Rule 13.1 predicates the filing of a *certiorari* petition in that court upon the ruling of the state's "court of last resort, and if there is no ruling by the "court of last resort," there is no jurisdictional basis for seeking *certiorari* in the Supreme Court. By failing to seek review by the state's "court of last resort," a defendant disentitles himself from seeking *certiorari* review in the United States Supreme Court by prematurely truncating the direct appeal process before reaching the state's "court of last resort."

Without the benefit of the 90-day period for seeking *certiorari* in the United States Supreme Court, petitioner's conviction became final no later than August 31, 1999. He then waited until June

28, 2000, almost ten months later, to file his first Rule 32 state petition. Through various twists and turns, that petition remained pending until December 28, 2005, when a final judgment affirming the denial of rule 32 relief was entered by the Alabama Court of Criminal Appeals. With only about two months of his one-year time limit for seeking review remaining after the statutory tolling ended, petitioner waited until April 7, 2006, more than four months later. Thus, petitioner's petition is time barred by about two months.

To the extent petitioner argues that he failed to seek *certiorari* review in the Alabama Supreme Court due to the ineffectiveness of his appellate counsel, Patrick Arrington, such a claim fails to establish cause to excuse the default. There is no Sixth Amendment or other constitutional right to the assistance of counsel in discretionary review stage of appeal. See Pennsylvania v. Finley, 481 U.S. 551, 107 S. Ct. 1990, 95 L. Ed. 2d 539 (1987) ("The right to appointed counsel extends to only the first appeal of right, and... a defendant has no federal constitutional right to counsel when pursuing a discretionary appeal on direct review of his conviction") citing Ross v. Moffitt, 417 U.S. 600, 94 S. Ct. 2437, 41 L. Ed. 2d 341 (1974); see also Murray v. Giarratano, 492 U.S. 1, 109 S. Ct. 2765, 106 L. Ed. 2d 1 (1989).[2] Thus, even if counsel failed to seek *certiorari* review, that failure

---

[2] In Giarratano, the Court wrote:

> The Sixth and Fourteenth Amendments to the Constitution assure the right of an indigent defendant to counsel at the trial stage of a criminal proceeding, Gideon v. Wainwright, 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963), and an indigent defendant is similarly entitled as a matter of right to counsel for an initial appeal from the judgment and sentence of the trial court. Douglas v. California, 372 U.S. 353, 83 S. Ct. 814, 9 L. Ed. 2d 811 (1963); Griffin v. Illinois, 351 U.S. 12, 76 S. Ct. 585, 100 L. Ed. 891 (1956). But we held in Ross v. Moffitt, *supra*, 417 U.S., at 610, 94 S. Ct., at 2443, that the right to counsel at these earlier stages of a criminal procedure did not carry over to a discretionary appeal provided by North Carolina law from the intermediate appellate court to the Supreme Court of North Carolina.

does not amount to a violation of petitioner's constitutional rights and, therefore, cannot establish "cause" to excuse the procedural default of his right to review in the Alabama Supreme Court.

For these reasons, the petitioner's objections to the magistrate judge's report and recommendation are meritless and OVERRULED. Accordingly, a final order dismissing the habeas petition as time barred will be entered.

The Clerk is DIRECTED to mail a copy of the foregoing to the petitioner.

DONE this 7th day of April 2008.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE

---

Murray v. Giarratano, 492 U.S. 1, 7, 109 S. Ct. 2765, 2769, 106 L. Ed. 2d 1 (1989).